UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| DUSTIN RELLER,<br><br>                Petitioner,<br>vs.<br><br>PENNINGTON COUNTY, SOUTH DAKOTA,<br><br>                Respondent. | 5:24-CV-05047-CBK<br><br>MEMORANDUM OPINION AND ORDER |

    Petitioner, a pretrial detainee at the Pennington County, South Dakota, jail, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner also filed an application to proceed without the prepayment of fees and an affidavit *in forma pauperis* pursuant to 28 U.S.C. § 1915. Petitioner has made the requisite showing under 28 U.S.C. § 1915(a). Accordingly, his application to proceed *in forma pauperis* will be granted.

    Pursuant to 28 U.S.C. § 2243, when a petition for a writ of habeas corpus is filed, the "judge entertaining an application . . . shall forthwith award the writ, or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the application or person detained is not entitled thereto*." (Emphasis supplied.) Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts allows this Court to apply Rule 4 of those rules to a section 2241 action. Pursuant to Rule 4, and consistent with § 2243, the Judge assigned to a petition must examine the petition and any attachments to determine whether it plainly appears that petitioner is not entitled to relief. If the petition is not dismissed on that basis, the Court must order the respondent to file an answer.

    I have conducted an initial consideration of the petition, pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts.

Petitioner contends that he has been denied his "structural rights of fundamental fairness," including denial of the right to counsel at critical stages, is subject to excessive bail, and has been denied due process, all in connection with pending charges of first-degree arson and an habitual offender information in South Dakota Circuit Court, Seventh Judicial District, Pennington County, case # 51CRI24-000161. I take judicial notice of the records of the South Dakota Circuit Courts available on the Unified Judicial System's ecourts portal, https://ecourts.sd.gov/. An indictment issued in that case on January 10, 2024, and he was arrested on January 19, 2024. Counsel was appointed. At petitioner's request, substitute counsel and a substitute judge were assigned to his case. Petitioner entered a guilty plea to an information charging reckless burning or exploding on September 5, 2024, and he is scheduled to be sentenced on October 25, 2024.

It has long been the rule that federal courts should abstain from interfering in ongoing state criminal proceedings. Younger v. Harris, 401 U.S. 37, 43-45, 91 S.Ct. 746, 750-51, 27 L.Ed.2d 669 (1971). Petitioner's state criminal case is still pending.

Petitioner would, in any event, be required to exhaust his state court remedies for challenging his detention. There is no record that he has done so. The United States Court of Appeals for the Eighth Circuit has explained:

> It is well established that the exhaustion doctrine, now codified, precludes the issuance of a writ of habeas corpus to a state prisoner on a claim for which that prisoner has not "exhausted the remedies available" in the state courts. 28 U.S.C. § 2254(b)(1)(A), (c) (1994 & Supp. IV 1998). "The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992). While the exhaustion doctrine does not require a petitioner to file repetitive petitions in state court or to invoke "extraordinary remedies" outside the standard review process where relief has not been provided in the past, it does require a state prisoner to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *See O'Sullivan*, 526 U.S. at 844-45, 119 S.Ct. 1728. The Supreme Court has clarified that in order to invoke "one complete round" of available state court remedies prior to filing for federal habeas corpus relief, a state prisoner must seek the discretionary review of the state supreme court when that review is part of the

ordinary and established appellate review process in that state. *Id*. at 845, 847, 119 S.Ct. 1728.

Dixon v. Dormire, 263 F.3d 774, 777 (8th Cir. 2001).

Based upon the foregoing,

IT IS ORDERED:

1. Pe6titioner's motion, Doc. 2, for leave to proceed *in forma paupers* is granted.

2. The petition for a writ of habeas corpus is denied and this matter is dismissed.

DATED this 17th day of September, 2024.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge